## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK N. CAMPBELL** | **CIVIL ACTION** |
| **VERSUS** | **NO.  13-327** |
| **ROBERT TANNER, CCE, WARDEN** | **SECTION "R"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Frederick N. Campbell, is incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]   On November 30, 2006, a bill of information was filed in St. Tammany Parish charging Campbell with one count of carnal knowledge of a juvenile in violation of LSA-R.S. 14:80, and one count of cruelty to a juvenile in violation of LSA-R.S. 14:93.[3]   The Louisiana First Circuit Court of Appeal summarized the facts of the case as follows:

> The victim, S.C., testified at trial. Her date of birth was July 11, 1989. On December 10, 2005, she was "dating" the defendant and had been in a sexual relationship with him for approximately one year.  During the relationship, the defendant "frequently" had vaginal sexual intercourse with the victim in his mother's house.  During her sexual relationship with the defendant, the victim acquired a disease "from sleeping with a man." She indicated the defendant was the only man she was "messing with."
> The police learned of the sexual relationship between the victim and the defendant after he punched her in the eye during an argument following her discovery that he had left her son (not the defendant's child) with a woman he was also "dating." Upon being arrested and advised of his Miranda rights, the defendant indicated his date of birth was October 4, 1973.  He also stated, "I didn't hit that girl. I've been messing with her for six months, but I didn't hit her."

State v. Campbell, 56 So.3d 462 (Table), 2010 WL 4273273, *1 (La. App. 1st Cir. 10/29/10), 2010-KA-0693.  St. Rec. Vol. 3 of 4.

----

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 4, pp. 40-41.

Campbell was tried before a jury on October 27, 2009,[4] and found guilty on the charge of carnal knowledge of a juvenile and not guilty on the charge of cruelty to a juvenile.[5]  On November 30, 2009, Campbell was sentenced to nine (9) years in prison with credit for time served.[6]  On March 18, 2010, a multiple offender hearing was conducted and Campbell was found to be a fourth felony offender.  At that same hearing, the trial court vacated Campbell's earlier sentence and resentenced him as a fourth felony offender to 20 years in prison without benefit of parole, probation, or suspension of sentence, with credit for time served.[7]

On May 28, 2010, appointed counsel filed an appeal on Campbell's behalf raising a single ground for relief:  The sentence imposed was illegally excessive because it was imposed without benefit of parole.[8] On October 29, 2010, the Louisiana First Circuit affirmed Campbell's conviction and habitual offender adjudication, amended Campbell's sentence "to strike and delete the portion of the sentence that provides it shall be served without benefit of parole," and affirmed Campbell's sentence as amended.[9]

---

[4]St. Rec. Vol. 1 of 4, p. 108.

[5]Id. at pp. 74-75.

[6]St. Rec. Vol. 2 of 4, pp. 309 and 312.

[7]Id. at pp. 316, 330-31.

[8]St. Rec. Vol. 3 of 4.

[9]State v. Campbell, 56 So.3d 462 (Table), 2010 WL 4273273, *1-2 (La. App. 1st Cir. 10/29/10), 2010-KA-0693.  St. Rec. Vol. 3 of 4.

Campbell's conviction became final 30 days later, on Monday, November 29, 2010,[10] because he did not seek rehearing or file for timely review in the Louisiana Supreme Court.[11]   Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003)) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

Nine (9) months later, on August 30, 2011, Campbell signed and submitted an application for post-conviction relief in the state trial court.[12] Campbell asserted the following claims for relief: (1) Because the carnal knowledge of a juvenile charge exposed him to the same evidence needed to prove the cruelty to a juvenile charge, his protection against double jeopardy was violated.  (2) The evidence introduced at trial was insufficient to support his conviction for carnal knowledge of a juvenile.  On November 7, 2011, the trial court denied Campbell's application for post-conviction relief.[13]

---

[10]The last day was actually Sunday, November 28, 2010; however, weekends and holidays are not included in the calculation of a limitation period when it would otherwise be the last day of the period. See, La. Code Crim. P. art. 13.

[11]Pursuant to La. S.Ct. R. X §5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.  See also, La. Code Crim. P. art. 922.

[12]St. Rec. Vol. 3 of 4, Uniform Application for Post-Conviction Relief (signed 08/30/11).

[13]Id., District Court Judgment, signed 11/07/11.

On December 8, 2011, Campbell filed a timely application for writ of review in the Louisiana First Circuit[14] asserting the same claims raised in the trial court.[15]   On March 12, 2012, the Louisiana First Circuit denied Campbell's writ application without opinion.[16]

On April 10, 2012, Campbell filed a timely application for supervisory writs in the Louisiana Supreme Court, asserting the same claims raised in the Louisiana First Circuit.[17]   On October 8, 2012, the Louisiana Supreme Court denied Campbell's writ application without reasons.[18]

II.   FEDERAL HABEAS PETITION

On February 28, 2013, the clerk of this court filed Campbell's petition for federal habeas corpus relief in which he asserts two claims: (1) The carnal knowledge of a juvenile charge exposed him to the same evidence needed to prove the cruelty to a juvenile charge, thereby violating his protection against double jeopardy. (2) The

---

[14]Campbell had 30 days following the issuance of the trial court's judgment to mail or file for review in the Louisiana First Circuit.  La. App. Rule 4-3.

[15]St. Rec. Vol. 4 of 4.

[16]State v. Campbell, 2011-KW-2318 (La. App. 1st Cir. 03/12/12); St. Rec. Vol. 3 of 4.

[17]St. Rec. Vol. 4 of 4.

[18]State ex rel. Campbell v. State, 99 So.3d 1007 (La. 2012), 2012-KH-0856.  St. Rec. Vol. 3 of 4.

evidence was insufficient to support his conviction on the charge of carnal knowledge of a juvenile.[19]

The State filed a response in opposition to Campbell's petition, alleging that the petition was not timely filed and that Campbell failed to exhaust his state court remedies. Alternatively, the State argues that Campbell's claims are without merit.[20]

III.   GENERAL STANDARDS OF REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[21] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Campbell's petition, which, for reasons discussed below, is deemed filed in this federal court on February 6, 2013 under the applicable mailbox rule.[22]

---

[19]Rec. Doc. No. 1.

[20]Rec. Doc. No. 14.

[21]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Campbell's petition was actually filed by the clerk of this court on February 28, 2013, once Campbell had been granted pauper status. However, Campbell dated the signature on the petition February 6, 2013. Record Doc. No. 1 at p. 17.

6

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Campbell's petition is untimely and that he has failed to exhaust state court remedies.  I find that Campbell has exhausted his state court remedies, but his petition must be dismissed with prejudice as time barred.

## IV.   EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519–20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519–20) (emphasis added).

---

This is the earliest date on which he could have delivered the pleading to prison officials for mailing. The fact that he did not submit the filing fee at the time of mailing does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275–78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); accord <u>Duncan v. Walker</u>, 533 U.S. 167, 177–79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275–78). "This requirement is not satisfied if the petitioner presents <u>new legal theories or new factual claims</u> in his federal application." (emphasis added) <u>Id</u> . (citing <u>Nobles</u>, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Campbell must have fairly presented the same claims and legal theories he urges in this federal court to the state

courts through to the Louisiana Supreme Court in a procedurally proper manner and have given that court, and the lower state courts, an opportunity to address those claims.

In support of its claim that Campbell has failed to exhaust his state court remedies, the State admits that the claims raised in Campbell's state pleadings and federal pleading are "related." It argues, however, "[i]n the state court filings, the specific issues/errors alleged were whether petitioner was entitled to an evidentiary hearing on these issues, rather than the substance of the issues, as alleged herein."[23]

The fact that in the state courts Campbell framed the issues in terms of the necessity for an evidentiary hearing does not mean that the substance of the claims were not presented to the state courts. This is evidenced by the fact that the state trial court, the only court which issued a reasoned decision, in fact addressed the substance of the claims.[24] Accordingly, I find that Campbell has exhausted his state court remedies. Campbell's petition, however, is time-barred.

IV.    STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[25] Duncan v. Walker, 533 U.S. 167, 179-80

---

[23]Rec. Doc. No. 14, p. 4.

[24]See St. Rec. Vol. 3 of 4, Reasons for Judgment, p. 1.

[25]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period

(2001).  Campbell's conviction was final on November 29, 2010, when he did not file a writ application with the Louisiana Supreme Court.

Therefore, under a literal application of the statute, Campbell had until November 28, 2011, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408,

---

shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

10

418 (2005); <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999), <u>cert. denied</u>, 531 U.S. 1164 (2001); <u>Cantu-Tzin v. Johnson</u>, 162 F.3d 295, 299 (5th Cir. 1998); <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  <u>Pace</u>, 544 U.S. at 418-19; <u>Cousin</u>, 310 F.3d at 848.

Campbell has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions.  <u>See</u> <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2574–75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to file a timely federal petition and in failing to communicate with the client during a period of years in spite of the client's letters); <u>Hardy v. Quarterman</u>, 577 F.3d 596, 599–600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); <u>United States v. Wynn</u>, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was

11

filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu–Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-

conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-

13

20 (2002); <u>Williams</u>, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA limitations period began to run in Campbell's case on November 30, 2010, the day after his conviction was final.  The limitation period ran for 273 days, until August 30, 2011, when he submitted his application for post-conviction relief to the state trial court. Thus, at that time, 92 days of the one-year AEDPA statute of limitations remained. Campbell's state court application remained pending for AEDPA purposes, and the limitations period remained tolled, until October 8, 2012, when the

14

Louisiana Supreme Court denied his related writ application.  On October 9, 2012, Campbell's limitations period again commenced to run, expiring on January 9, 2013. Campbell had no properly filed state post-conviction or other collateral review proceedings pending in any state court during that time period.  Thus, his federal habeas petition deemed filed in this court under the mailbox rule on February 6, 2013 was untimely by almost one month.

The record establishes that, after his conviction became final, Campbell allowed more than one year to lapse without any properly filed and pending state court proceedings and without having filed a timely federal petition for habeas corpus relief. Thus, his federal habeas corpus petition must be dismissed as time-barred.

## RECOMMENDATION

**IT IS RECOMMENDED** that the petition of Frederick N. Campbell for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

15

with notice that such consequences will result from a failure to object.   Douglass v.
United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28
U.S.C. § 636(b)(1)).[26]

New Orleans, Louisiana, this ____7th____ day of August, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[26]Douglass referenced the previously applicable ten-day period for the filing of objections.
Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

16