UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDERICK N. CAMPBELL                          CIVIL ACTION

VERSUS                                         NO: 13-327

ROBERT TANNER, CCE, WARDEN                     SECTION: R(2)

**ORDER**

  Before the Court is Fredrick Campbell's petition for federal *habeas corpus* relief under Title 28, United States Code, Section 2254.[1] The Magistrate Judge has recommended that Campbell's petition be dismissed with prejudice.[2] No objections to the Magistrate's Report and Recommendation (R&R) have been filed. The Court, having reviewed de novo the petition, the record, the applicable law, and the R&R, hereby approves the R&R and adopts it as its opinion. Accordingly, Campbell's petition is dismissed with prejudice.

  Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate

---

[1] R. Doc. 1.

[2] R. Doc. 15.

should issue."[3] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

  Campbell's application does not satisfy these standards. As the Magistrate Judge explained, Campbell's petition is clearly time-barred under the AEDPA's one-year statute of limitations. 273 days elapsed between November 30, 2010, when Campbell's conviction became final, and August 30, 2011, when he filed an application for post-conviction relief in state court. The

---

[3]  Rules Governing Section 2254 Proceedings, Rule 11(a).

limitations period was tolled until October 9, 2012, when the Louisiana Supreme Court denied Campbell's writ application. After that denial, the limitations period began running again, expiring January 9, 2013. The instant petition was not filed until February 6, 2013. Accordingly, jurists of reason would not find it "debatable" whether Campbell's federal habeas petition was timely.

For the foregoing reasons, the Court DENIES Campbell's petition for federal habeas corpus relief and DENIES the issuance of a certificate of appealability.

New Orleans, Louisiana, this __30th__ day of August, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE